UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                )
ANGEL GUZMAN,                   )
                                )
            Plaintiff,          )   C.A. No. 16-556 WES
                                )
     v.                         )
                                )
                                )
NANCY A. BERRYHILL, Deputy      )
Commissioner for Operations,    )
                                )
                                )
            Defendant.          )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

     Magistrate Judge Lincoln D. Almond filed a Report and
Recommendation ("R&R") (ECF No. 14) in this case, recommending the
Court deny Plaintiff's Motion to Reverse the Decision of the
Commissioner[1] ("Plaintiff's Motion") (ECF No. 11) and grant
Defendant's Motion for an Order Affirming the Decision of the
Commissioner ("Defendant's Motion") (ECF No. 13).

     After careful review of the papers attending these motions, and
of the R&R, and having heard no objections, the Court ACCEPTS the
R&R and adopts its recommendations and reasoning. Plaintiff's Motion

_____

[1] Formerly the Acting Commissioner of Social Security, Nancy A.
Berryhill currently heads the Social Security Administration from
her position of Deputy Commissioner for Operations. Nancy A.
Berryhill, https://www.ssa.gov/agency/commissioner.html (last
visited Apr. 2, 2018).

(ECF No. 11) is DENIED and Defendant's Motion (ECF No. 13) is GRANTED.

IT IS SO ORDERED.

William E. Smith
Chief Judge
Date: April 2, 2018

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANGEL L. GUZMAN | : | |
| | : | |
| v. | : | C.A. No. 16-556-WES |
| | : | |
| NANCY A. BERRYHILL, Acting | : | |
| Commissioner of the Social Security | : | |
| Administration | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed his Complaint on October 7, 2016 seeking to reverse the Decision of the Commissioner. On September 30, 2017, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. (ECF Doc. No. 11). On November 21, 2017, the Commissioner filed a Motion for an Order Affirming the Commissioner's Decision. (ECF Doc. No. 13).

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion to Reverse (ECF Doc. No. 11) be DENIED and that the Commissioner's Motion to Affirm (ECF Doc. No. 13) be GRANTED.

I.    **PROCEDURAL HISTORY**

Plaintiff filed applications for DIB (Tr. 276-279) and SSI (Tr. 280-289) on July 9, 2012 alleging disability since September 8, 2011. The applications were denied initially on January 17, 2013 (Tr. 85-

94, 95-104) and on reconsideration on May 6, 2013.  (Tr. 107-117, 118-128).  Plaintiff's date last insured

is December 31, 2016.  (Tr. 134).  Plaintiff requested an Administrative Hearing.  On January 6, 2014, a

hearing was held before Administrative Law Judge Martha Bower (the "ALJ") at which time Plaintiff,

represented by counsel and assisted by an interpreter, and a vocational expert ("VE") appeared and

testified.  (Tr. 71-83).  The ALJ issued an unfavorable decision to Plaintiff on February 14, 2014.  (Tr.

131-150).  A request for review was filed with the Appeals Council on April 4, 2014 (Tr. 224-226) and on

March 19, 2015, the Appeals Council remanded the case back to the ALJ.  (Tr. 151-153).  The remand

hearing was held on August 31, 2015 at which time, Plaintiff, represented by counsel and assisted by an

interpreter, and a VE appeared and testified.  The ALJ again issued an unfavorable decision on October

15, 2015.  (Tr. 24-45).  The Appeals Council denied Plaintiff's request for review on September 22, 2016.

(Tr. 1-4).  Therefore, the ALJ's decision became final.  A timely appeal was then filed with this Court.

## II.      THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred at Step 2 in finding that his depression was not a "severe"

impairment, and in not properly weighing the medical opinion evidence to establish his RFC.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's findings are supported

by substantial evidence and must be affirmed.

## III.     THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42

U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than

merely create a suspicion of the existence of a fact, and must include such relevant evidence as a

reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of Health and

Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human

Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm,

even if the court would have reached a contrary result as finder of fact.  Rodriguez Pagan v. Sec'y of

Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law.  Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled.  Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences.  Seavey, 276 F.3d at 8.  To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim.  Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision.  Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council).  After a

sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. <u>Freeman</u>, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level.  <u>See</u> <u>Jackson v. Chater</u>, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  <u>Id.</u>  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  <u>Id.</u>  The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. <u>Id.</u>

### IV.     THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.     Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion.  20 C.F.R § 404.1527©.  However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion.  See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled.  However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability.  20 C.F.R. § 404.1527(e).  The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of

vocational factors because that ultimate determination is the province of the Commissioner.  20 C.F.R. § 404.1527(e).  See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

### B.    Developing the Record

The ALJ has a duty to fully and fairly develop the record.  Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  Id.  However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.    Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

### D.    The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet

or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five.  Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process.  42 U.S.C. § 423(d)(2)(B).  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act.  Seavey, 276 F.3d at 5.  The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits.  Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c).  If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability.  Id.

**E.     Other Work**

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  Seavey, 276 F.3d at 5.  In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant.  Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through exclusive

reliance on the Medical-Vocational Guidelines (the "grids").  Seavey, 276 F.3d at 5.  Exclusive reliance

on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without

significant non-exertional factors.  Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76

L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional

impairments, impairments which place limits on an individual's ability to meet job strength

requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at

a given residual functional level or when a claimant has a non-exertional impairment that significantly

limits basic work skills.  Nguyen, 172 F.3d at 36.  In almost all of such cases, the Commissioner's burden

can be met only through the use of a vocational expert.  Heggarty, 947 F.2d at 996.  It is only when the

claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary

to call a vocational expert to establish whether the claimant can perform work which exists in the national

economy.  See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981).  In any event, the ALJ must

make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide

range of employment at the given work capacity level indicated by the exertional limitations.

### 1.      Pain

"Pain can constitute a significant non-exertional impairment."  Nguyen, 172 F.3d at 36.  Congress

has determined that a claimant will not be considered disabled unless he furnishes medical and other

evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment

which could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C. § 423(d)(5)(A).

The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine

the extent to which the symptoms can reasonably be accepted as consistent with the objective medical

evidence.  20 C.F.R. § 404.1528.  In determining whether the medical signs and laboratory findings show

medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must

apply the First Circuit's six-part pain analysis and consider the following factors:

(1)     The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

(2)     Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

(3)     Type, dosage, effectiveness, and adverse side-effects of any pain medication;

(4)     Treatment, other than medication, for relief of pain;

(5)     Functional restrictions; and

(6)     The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

**2.      Credibility**

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

**V.      APPLICATION AND ANALYSIS**

**A.      The ALJ's Decision**

The ALJ decided this case adverse to Plaintiff at Step 5.  At Step 2, the ALJ found that Plaintiff's lumbar degenerative disc disease was a "severe" impairment.  (Tr. 33-35).  The ALJ also considered Plaintiff's diabetes, high blood pressure and cholesterol, sleep apnea and depression, but found that those conditions were "non-severe" because they would not cause more than a minimal effect on Plaintiff's ability to perform basic, work-related tasks for a period of twelve months or more.  (Tr. 33).  As to RFC, the ALJ found that Plaintiff was able to perform a limited range of light work.  (Tr. 36).  Based on this RFC and testimony from the VE, the ALJ concluded at Step 4 that Plaintiff was unable to perform any of his past relevant work.  (Tr. 43).  However, at Step 5, the ALJ concluded that Plaintiff was capable of performing certain light, unskilled jobs available in the economy.  (Tr. 44).  Thus, the ALJ decided that Plaintiff was not disabled within the meaning of the Social Security Act.  Id.

## B.    Any Step 2 Error is Harmless on this Record

Plaintiff argues that the ALJ erred at Step 2 in her conclusion that his depression was not a "severe" impairment.  The ALJ concluded that Plaintiff's depression did "not cause more than a minimal effect on [Plaintiff's] ability to perform basic, work-related tasks for a period of twelve months or more." (Tr. 33).  Plaintiff counters that the record establishes that he suffers from major depression which "imposes more than a slight restriction in his ability to perform basic work-related activities" and thus it should have been found "severe" at Step 2.  (ECF Doc. No. 11 at p. 17).

While reasonable minds might disagree as to whether or not Plaintiff's depression meets the Step 2 definition of "severe" impairment, Defendant persuasively argues that any arguable error is harmless in this case.[1]  First, the ALJ made an alternative finding based on an assumption that Plaintiff had a "severe" mental impairment impacting his ability to maintain concentration, persistence, and pace, such that he can only understand, remember and carry out only simple tasks.  (Tr. 44, n.7).  The ALJ posed a hypothetical

---

[1]    Since Plaintiff elected not to file a reply brief, Defendant's harmless error argument is effectively unopposed.  See Shinseki v. Sanders, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").  Further, despite notice of the alternate Step 5 finding expressly made by the ALJ in her decision, Plaintiff failed to address it in his initial memorandum.

to the VE which incorporated the limitation to simple tasks, and the VE unequivocally opined that it would not preclude performance of the unskilled positions identified.  (Tr. 67-68); (see also 20 C.F.R. §§ 404.1568(a) and 416.968(a) (equating unskilled work with simple tasks requiring little or no judgment)). Plaintiff does not identify any competent evidence of record which would reasonably support the finding that his depression precludes him from performing unskilled work.  In his memorandum, Plaintiff relies heavily upon a mental medical source statement completed by his treating psychiatrist, Dr. Olivares, on April 4, 2016.  (ECF Doc. No. 11 at p. 18).  This evidence was not part of the record when the ALJ decided this case on October 15, 2015.  The Appeals Council concluded that this "new information" was about a "later time" and "did not affect the decision about whether you were disabled beginning on or before October 15, 2015."  (Tr. 2).  Plaintiff does not challenge the Appeals Council's conclusion as to this post-decision, new medical evidence.

Second, Defendant also argues that any Step 2 error is harmless because the ALJ resolved that Step in Plaintiff's favor and considered the combined effect of his severe and non-severe impairments at Steps 3 and 4 of the sequential evaluation process.  (ECF Doc. No. 13-1 at p. 15).  Defendant cites Carpenter v. Astrue, 537 F.3d 1264, 1265 (10th Cir. 2008), and Portorreal v. Astrue, 2008 WL 4681636 at **3-4 (D.R.I. Oct. 21, 2008), as support.  Both reasonably stand for the holding proffered by Defendant and they are uncontroverted since Plaintiff elected not to file a reply brief addressing Defendant's harmless error arguments.

C.      The ALJ's Step 5 Finding is Supported by Substantial Evidence

Plaintiff argues that the evidence, including the assessments from the State Agency consulting physicians, supports that he is "at best limited to sedentary work" which would render him disabled under the Grids.  (ECF Doc. No. 11 at p. 19) (emphasis added).  Plaintiff's argument is based on an incorrect premise.  The record reflects that Plaintiff is restricted to a limited range of light work, i.e., an RFC somewhere between light and sedentary and not "at best" sedentary.  In such cases, the case law is clear that the Grids are "inconclusive" and that VE opinion testimony is advisable.  See, e.g., Haynes v.

-11-

Barnhart, 416 F.3d 621, 627-663 (7th Cir. 2005); and Silva v. Berryhill, C.A. No. 16-10700-WGY, 2017

WL 2960516 at *4 (D. Mass. July 11, 2017).

Here, the ALJ exercised her discretion to base her RFC finding on the opinions of the consulting

physicians, Dr. Nanian and Dr. Georgy.  (Exhs. 2A and 6A).  The ALJ gave their opinions "great

probative weight" and adequately explained the reasons for her conclusion.  (Tr. 41-43).  Since she

concluded that Plaintiff could not perform the full range of light work, the ALJ correctly concluded that

the Grids were not applicable.  Rather, the ALJ utilized a VE.  She asked the VE a hypothetical based on

the Plaintiff's assessed RFC, and the VE unequivocally testified that such a person could perform certain

light, unskilled work available in the economy.  Accordingly, the ALJ properly found at Step 5 that

Plaintiff was able to perform a significant number of unskilled jobs that would accommodate an RFC

between sedentary and light work.[2]

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (ECF Doc. No.

11) be DENIED and that Defendant's Motion to Affirm (ECF Doc. No. 13) be GRANTED.  I further

recommend that the Court enter Final Judgment in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the

Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file

specific objections in a timely manner constitutes waiver of the right to review by the District Court and

the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st

Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge

---

   [2]    In offering his opinion, the VE applied a 15% reduction to the number of representative jobs to account for
Plaintiff's inability to perform the full range of light work.  (Tr. 44, 67).

December 26, 2017